IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01035-MSK-KLM

DAVID J. WOLF, an individual; and
WOLF AUTO CENTER STERLING LLC, a Colorado limited liability company,

        Plaintiffs,

v.

MICHAEL SCHADEGG, an individual;
SHAWN COCHRAN, an individual;
JOHN DOES 1 through 3; and
XYZ CORPORATION,

        Defendants.

## STIPULATED PROTECTIVE ORDER

The Court, upon joint motion of Plaintiffs David J. Wolf and Wolf Auto Center Sterling LLC ("Wolf Auto"), and Defendants Michael Schadegg and Shawn Cochran (together, the "Parties" and individually, a "Party"), for entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information (as hereinafter defined) DOES ORDER:

    **1.**    Entry of this Protective Order is proper to protect against the use or disclosure of Confidential Information outside the scope of this litigation which could result in significant injury to business or privacy interests of one or more of the Parties or of non-parties.

    **2.**    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart,

1

summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential personnel information, confidential financial information, competitively sensitive information, information subject to confidentiality obligations owed to third parties, or other confidential information. Any information designated by a Party as confidential must first be reviewed by a lawyer whose designation of the information as confidential shall constitute the lawyer's certification that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

3. Where documents including Confidential Information are produced, provided or otherwise disclosed by a Party in response to any discovery request, they shall be designated in the following manner:

  a. By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of the document produced or if the Confidential Information is not in a format that can be easily designated "Confidential" or "Confidential – Attorneys' Eyes Only," the electronic file shall use the word "Confidential" or "Confidential – Attorneys' Eyes Only" in the file name.

  b. By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request. Prior to designating any material as "Confidential – Attorneys' Eyes Only," the producing Party will make a bona fide determination that the material is, in fact, of a confidential, proprietary or trade secret nature.

  c. With respect to transcribed testimony by deposition or otherwise, by giving written notice to opposing counsel designating such portions as "Confidential" or

"Confidential – Attorneys' Eyes Only" no later than ten (10) calendar days after receipt of the transcribed testimony, or by placing an appropriate statement on the record during a deposition, provided, however, that witness testimony specifically relating to any Confidential financial record shall be deemed confidential, provided that such financial record continues to be Confidential Information pursuant to this Protective Order.

   **d.**   Any document produced by a third party may be designated as Confidential Information by the Party claiming a protected interest in the Confidential Information by sending a written notification to the counsel for the receiving Party identifying the document containing such Confidential Information with particularity within ten (10) calendar days after the production of such document to the receiving Party.

   **4.**   All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   **a.**   It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

   **b.**   It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly to anyone other than as authorized in paragraphs 5 and 6, except for purposes of this case and unless an agreement in the form of Exhibit A has been signed.

   **5.**   Individuals authorized to review Confidential Information designated as "Confidential" pursuant to this Protective Order shall include: (1) counsel for the Parties and staff employed by counsel and assisting with the litigation; (2) named Parties, and representatives of a corporate Party assisting with the litigation; (3) the Court and Court

personnel as allowed or directed by the Court; (4) any mediator or settlement judge that may be retained by the Parties; (5) expert witnesses or consultants retained by the Parties; (6) witnesses to whom Confidential Information is disclosed for purposes of testimony at deposition or trial or preparation for such testimony; and (7) stenographic reporters engaged for depositions or proceedings necessary to this action and employees of outside copy services used to make copies of protected documents. All such qualified recipients shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. Confidential Information designated as "Confidential – Attorneys' Eyes Only" may not be disclosed to any person other than (1) counsel for the Parties and staff employed by counsel and assisting with the litigation; (2) the Court and Court personnel as allowed or directed by the Court; (3) any mediator or settlement judge that may be retained by the Parties; (4) expert witnesses or consultants retained by the Parties; (5) by prior agreement of the Parties or by order of the Court, witnesses for the purposes of testimony at deposition or trial or for preparation for deposition or trial; and (6) stenographic reporters engaged for depositions or proceedings necessary to this action and employees of outside copy services used to make copies of protected documents.

7. No attorney may disclose, discuss, disseminate or in any way divulge any Confidential Information contained in, gleaned from or otherwise obtained from or by reference to documents designated as "Confidential – Attorneys' Eyes Only" with the Parties or anyone else not entitled to see such documents pursuant to paragraph 6 of this order. To the extent that counsel seeks to disclose documents designated as "Confidential – Attorneys' Eyes Only" to

anyone not referenced in paragraph 6 of this Order, counsel will confer to determine whether an agreement can be reached regarding such desired disclosure. Any dispute regarding such desired disclosure that the Parties are unable to resolve shall comply with the procedures set forth in paragraph 12 of this Order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original agreements signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court. *Any court action sought by the parties under the provisions of This Protective Order shall be sought using MJ Mix's discovery procedures.*

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

5

12. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to make an appropriate motion *pursuant to MJ Mie's discovery procedures* within twenty (20) calendar days after the time the notice is received requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion made under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

13. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. A Party wishing to file with the court any information designated as Confidential Information by the opposing Party shall first confer with counsel for the designating Party. This Order is without prejudice to the rights of any Party to file any motions regarding the manner in which Confidential Information may be used at trial. If the designating party refuses to allow the information to be filed except under seal, the filing party shall file the Confidential Information as a Level 1 restricted document pursuant to D.C. Colo.

LCivR 7.2(e), and it shall then be the burden of the designating party to file a motion to restrict public access pursuant to D.C. Colo. LCivR 7.2(c).

**14.** The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

**15.** By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

**16.** Within 90 days of the termination of this litigation, including any appeals, each Party's counsel shall either destroy or return to the producing Party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Upon request of the producing Party, counsel shall provide to the producing Party the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 8 herein, and verification that any Confidential Information has been destroyed or returned to the producing Party.

**17.** Nothing in this Protective Order shall preclude any Party from making a motion [under MJ Nix's discovery procedures] seeking further or different protection from the Court under Fed. R. Civ. P. 26(c) or from filing a making or motion with respect to the manner in which Confidential Information shall be treated during a deposition or at trial.

**18.** If another court, agency, or person subpoenas or orders production of Confidential Information that a Party has obtained under the terms of this Protective Order, such Party shall promptly notify the other Parties of such subpoena or order within three (3) business days of

service of the subpoena or order. The responsibility of the subpoenaed Party to protect the confidentiality of any Confidential Information pursuant to this Protective Order shall be fulfilled upon the giving of the notice referenced herein.

BY THE COURT:

DATED: *January 22, 2016*

_____
United States Magistrate Judge

EXHIBIT A

AGREEMENT TO TERMS OF PROTECTIVE ORDER

STATE OF COLORADO    )
                     ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

    **1.** I have read the Protective Order in *David J. Wolf and Wolf Auto Center Sterling LLC v. Michael Schadegg, Shawn Cochran, John Does 1 through 3, and XYZ Corporation,* In the United States District Court for the District of Colorado, Case No. 1:15-cv-01035-MSK-KLM.

    **2.** I have been informed by _____, counsel for _____, that the materials described in the list attached to this Agreement are Confidential Information as defined in the Protective Order.

    **3.** I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    **4.** For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    **5.** I will abide by the terms of the Protective Order.

_____
Signature

_____
Print or Type Name

Address: _____

_____

Telephone: _____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2015.

_____
Notary Public

My Commission Expires: _____