IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01035-KLM

DAVID J. WOLF, an individual, and
WOLF AUTO CENTER STERLING LLC, a Colorado limited liability company,

    Plaintiffs,

v.

MICHAEL SCHADEGG, an individual,
SHAWN COCHRAN, an individual,
JOHN DOES 1 THROUGH 3, and
XYZ CORPORATION,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Amend Complaint and Add Additional Parties** [#36][1] (the "Motion"). Defendants filed a Response [#42] in opposition to the Motion, and Plaintiffs filed a Reply [#43]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion [#36] is **DENIED**.

Pursuant to the Motion [#36], Plaintiffs seek to amend the Complaint [#1] to add additional claims and defendants. Plaintiffs state that evidence supporting the addition of these claims and defendants has been acquired through the discovery process. *See Motion* [#36] at 2.

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

On September 17, 2015, the Court set the deadline to join parties and amend pleadings to November 18, 2015. *See Scheduling Order* [#24] at 8. On November 5, 2015, the Court granted the parties' request to extend this deadline to December 30, 2015. *Minute Order* [#30]. On December 23, 2015, Plaintiffs filed a Motion to Amend Complaint [#33], which the Court denied on December 30, 2015, for failure to comply with the conferral requirements of D.C.COLO.LCivR 7.1(a). *Minute Order* [#34]. Without explanation, Plaintiffs waited more than three weeks to renew their request to amend the Complaint. *See Motion* [#36]. In the Motion [#36], Plaintiffs do not seek an extension of the deadline to join parties and amend pleadings, although they do address this issue in the Reply [#43] after Defendants pointed out in their Response [#42] that the deadline had expired.

Because the Motion [#36] was filed after the deadline to join parties and amend pleadings expired, Plaintiffs must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

To meet the Rule 16(b)(4) standard, Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline," this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of

a motion to amend, but "undue" lateness does). Here, however, Plaintiffs provide no adequate explanation for their delay in filing the Motion more than three weeks after the deadline. *See Reply* [#43] at 4-6. The first Motion to Amend Complaint [#33] was timely filed on December 23, 2015, and denied on December 30, 2015, the same day as the deadline to join parties and amend pleadings. The only reason for denial at that time was that Plaintiffs failed to confer with opposing counsel prior to filing the motion. *See Minute Order* [#34].

Plaintiffs provide no explanation for waiting twenty-two days to file the present Motion [#36] after the Court denied the original Motion to Amend Complaint [#33]. *See Reply* [#43]. They do not state that they were diligently conferring with Defendants during this period. They do not state that the Motion [#36] required revision based on discovery received after December 23, 2015, the date the original Motion to Amend Complaint [#33] was filed. They do not state that any personal or professional circumstances necessitated a delay in refiling the Motion [#36]. They do not state that the parties were engaged in fruitful settlement discussions during this period. In short, not only is there no *adequate* explanation for delay, but there appears to be simply *no* explanation for the delay.

"While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cty. of Denver ex rel. Bd. of*

*Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be").

However, pursuant to *Minter v. Prime Equipment Co.*, in order to meet the Rule 16(b)(4) standard, Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline," which standard can be met by the provision of "an adequate explanation for any delay." 451 F3d 1196, 1205 & n.4. In the absence of any explanation whatsoever, the Court must deny the Motion [#36] for failure to comply with the good cause standard of Rule 16(b)(4). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."); *see also id.* at 1242 ("Because [the plaintiffs] lacked good cause for the delay in amending their complaint, it was within the district court's discretion to deny their motion pursuant to Rule 16(b)(4).").

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#36] is **DENIED**.

Dated: March 9, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge