IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01035-KLM

DAVID J. WOLF, an individual, and
WOLF AUTO CENTER STERLING LLC, a Colorado limited liability company,

      Plaintiffs,

v.

MICHAEL SCHADEGG, an individual,
SHAWN COCHRAN, an individual,
JOHN DOES 1 THROUGH 3, and
XYZ CORPORATION,

      Defendants.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Opposed Motion to Amend Scheduling Order** [#45][1] ("Motion to Extend") and **Motion for Reconsideration of Order Denying Plaintiffs' Motion to Amend Complaint and Add Additional Parties** [#47] ("Motion for Reconsideration").  Defendants filed a Response [#49] in opposition to the Motion to Extend and Plaintiffs filed a Reply [#53].  Defendants also filed a Response [#56] in opposition to the Motion for Reconsideration, but Plaintiffs have not yet filed a Reply.[2] The Court has reviewed the Motions, Responses, Reply, the entire case file, and the

_____

[1]  "[#45]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2]  Defendants filed their Response on April 21, 2016, and Plaintiffs' time for submitting a Reply has not yet expired. *See* D.C.COLO.LCivR 7.1(d).  However, the Local Rules explicitly state that a motion may be ruled upon "any time after it is filed." *Id.*  In the interest of expedience, the Court does so here.

applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion to Extend [#45] is **GRANTED in part** and **DENIED in part**, and the Motion for Reconsideration [#47] is **GRANTED**.

## I. Discussion

On May 15, 2015, Plaintiffs filed this action alleging a claim against Defendants for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as several state law claims for theft of trade secret information, civil theft, conversion, breach of fiduciary duty, unjust enrichment, civil conspiracy, and tortious interference with prospective business advantage.  *Compl.* [#1] ¶¶ 53-120.  On September 17, 2015, the Court entered a Scheduling Order [#24] which set, in relevant part, the following case deadlines:

- Joinder of parties and amendment of pleadings:     November 18, 2015
- Designation of affirmative experts:                March 20, 2016
- Designation of rebuttal experts:                   May 5, 2016
- Discovery cut-off:                                 May 20, 2016
- Dispositive motion deadline:                       July 12, 2016

*See Scheduling Order* [#24] at 8-9.  The Court subsequently extended the deadline for the amendment of pleadings to December 30, 2015.  *Minute Order* [#30].

On December 23, 2015, Plaintiffs filed a Motion to Amend Complaint [#33], which the Court denied on December 30, 2015, for failure to comply with the conferral requirements of D.C.COLO.LCivR 7.1(a).  *Minute Order* [#34].  Plaintiffs filed a renewed Motion to Amend three weeks later seeking to amend the Complaint.  *See Motion* [#36]. The Court denied this Motion because Plaintiffs had provided "no explanation for waiting twenty-two days to file the . . . Motion [#36] after the Court denied the original Motion to

Amend Complaint [#33]."  *Order* [#44] at 3.  Subsequently, the Court also denied a pending Motion to Dismiss filed by Defendants.  *Order* [#46].

On March 17, 2016, Plaintiffs filed the present Motion to Extend [#45], and filed the Motion for Reconsideration [#47] on April 1, 2016.

## A.     Motion to Extend

Plaintiffs request that the Court extend the aforementioned deadlines for the designation of affirmative experts, the designation of rebuttal experts, and discovery cut-off by sixty days, and request that the Court extend the deadline for dispositive motions by thirty days.  *Motion to Extend* [#45] at 2-3.  Plaintiffs contend that they have good cause for amending the scheduling order to extend these deadlines, and argue that they have been diligent in responding to and making discovery requests throughout the course of this action.  *Motion to Extend* [#45] at 4-6.  However, they contend that not only does the complexity of this case require more time to assemble and collect the requisite documents, but note that the majority of all discovery has been conducted "in the context of a case where the pleadings are still incomplete" given that Defendants filed their Answer [#50] only recently, on April 4, 2016.  *Id.* at 4.  With respect to the deadline for designation of experts, Plaintiffs argue that they have "attempted through discovery . . . to gather sufficient information from Defendants to enable a damages expert to review and form opinions on damages" but that "the responses . . . directed at damages so far have been less than helpful, and Plaintiffs . . . need additional time to obtain this information[.]" *Id.* at 7.

Defendants oppose Plaintiffs' request, arguing that "[i]f Plaintiffs cannot complete their discovery by May 20, 2016, it is only because Plaintiffs have not attempted to complete their discovery." *Response* [#49] at 7.  Defendants also contend that Plaintiffs

have not actually identified the documents which they lack, and thus that their "abstract argument that they lack sufficient documents to proceed with depositions is unsubstantiated." *Id.* As for Plaintiffs' argument regarding designation of experts, Defendants counter that "Plaintiffs' inability to locate any evidence to support its unlawful computer access claims is not 'good cause' to modify the deadlines to designate experts." *Id.* at 8.

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FLO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the deadlines set in scheduling orders require that parties conduct discovery efficiently and promptly. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the

case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."). Further, the "'good cause' requirement reflects the important role a scheduling order plays in the court's management of its docket." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *6 (D. Colo. April 6, 2010) (citations omitted).

The Court is satisfied here that good cause exists to extend some, but not all, of the deadlines in the Scheduling Order [#24]. As Plaintiffs correctly note, much of the discovery has been conducted without the benefit of Defendants' answer. Further, this action has been mired in discovery disputes which have necessitated increasing participation and oversight from the Court. Although the Court declines to assign any blame for these disputes, it is nonetheless clear that the result of these disputes has been to make the progression of this action increasingly difficult. Indeed, although they oppose the Motion to Extend, Defendants nevertheless devote several pages in their Response to discussing their own issues in obtaining discovery from Plaintiffs. *Response* [#49] at 2-4. Thus, the Court concludes that Plaintiffs have "show[n] that [they] ha[ve] been diligent in attempting to meet the deadlines," and that they have provided an "adequate explanation for any delay" sufficient to support good cause for the extension of the discovery cut-off deadline and, in addition, the deadline for dispositive motions. *Strope*, 315 F. App'x at 61.

The deadlines for the designation of affirmative and rebuttal experts, however, do not warrant extension here. Although the Court has found that Plaintiffs' difficulty in conducting discovery, given the nature of this case, constitutes good cause for extension of the overall discovery deadline, Plaintiffs have not adequately shown that they could not meet the deadlines for designation of affirmative and rebuttal experts despite "diligent

efforts." *Colo. Visionary Acad.*, 194 F.R.D. at 687 (D. Colo. 2000). Rather, Plaintiffs' only argument is that the responses from Defendants have been "less than helpful" and that Plaintiffs need additional time to "obtain this information from non-parties . . . in order to provide more complete information to damages experts." *Motion to Extend* [#45] at 7. However, Plaintiffs make no mention of *any* efforts taken to designate an expert witness for damages, and do not explain how the information that Plaintiffs do currently possess is so lacking that they were unable to provide at least an indication to the Court of what efforts an expert witness has made thus far, and what further information is needed to complete the Rule 26(a)(2) disclosures. Indeed, Plaintiffs do not even provide a name of an expert witness they have retained or consulted. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad.*, 194 F.R.D. at 687.

Accordingly, because Plaintiffs have provided detailed efforts regarding their pursuit of written discovery, difficulty with depositions, and their diligent efforts to meet the discovery deadlines, the Court **grants** the Motion to Extend with respect to the discovery cut-off deadline and, consequently, the deadline for dispositive motions. However, because Plaintiffs have provided no detail regarding their efforts to provide Rule 26(a)(2) disclosures or the efforts of retained experts in creating written reports under Rule 26(a)(2)(B), the Court **denies** the Motion to Extend with respect to the deadlines for the designation of affirmative and rebuttal expert witnesses.

## B.      Motion for Reconsideration

The Court has broad discretion to reconsider its interlocutory orders prior to entry

of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). The Court may reconsider a prior order where there is a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v.* Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs argue that while they acted as quickly as possible in filing the renewed Motion to Amend, they "did not disclose the circumstances surrounding the fourteen business day delay in filing the Motion to Amend[.]" *Motion for Reconsideration* [#47] at 3. Plaintiffs contend that one of their counsel had a death in the family, and that they "previously chose not to disclose [counsel]'s situation to the Court believing it was of a personal nature" but concede that this was an error. *Id.* at 5. Plaintiffs further note that the holidays and other discovery issues prevented them from responding quickly. *Id.* Defendants argue that Plaintiffs "could have recited" their counsel's personal circumstances to the Court when they first moved to amend the Complaint, "but they chose not to do so."

*Response* [#56] at 6.  Defendants thus state that they "disagree[] with the legitimacy of these and other ostensible justifications[][3] put forth by Plaintiffs[.]"  *Id.*

Under these circumstances, the Court is satisfied that Plaintiffs have demonstrated that reconsideration is appropriate to prevent manifest injustice.  As the Court previously noted, it was not the *adequacy* of Plaintiffs' explanation that the Court found lacking, but the "absence of any explanation whatsoever[.]"  *Order* [#44] at 4.  Plaintiffs have now provided such an explanation.   Accordingly, the Court **grants** the Motion for Reconsideration.  *See  SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) ("rigid adherence to the pretrial scheduling order is not advisable"); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (a scheduling order deadline may be amended for good cause).

## II.  Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Opposed Motion to Amend Scheduling Order [#45] is **GRANTED in part** and **DENIED in part**.  The Scheduling Order [#24] is amended to extend the deadline for discovery cut-off from May 20, 2016 to **August 1, 2016**, and the deadline for dispositive motions is extended from July 12, 2016 to **August 31, 2016**.

IT IS FURTHER **ORDERED** that the Motion for Reconsideration [#47] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' Amended Complaint [#36-4] for filing as of the date of this Order.

---

[3] A citation to a footnote is omitted here, because the footnote does not exist in Defendants' Response [#56].  *See id.* at 6.  Presumably, such a footnote would explain Defendants' characterization of Plaintiffs' statement that their counsel suffered a death in the family as an "ostensible justification[]."  The Court is not inclined to require proof of such a justification.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **May 12, 2016**.

Dated: April 22, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge