IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01035-KLM

DAVID J. WOLF, an individual, and
WOLF AUTO CENTER STERLING LLC, a Colorado limited liability company,

    Plaintiffs,

v.

MICHAEL SCHADEGG, an individual,
SHAWN COCHRAN, an individual,
CLIFFORD W. MILLER, IV, an individual,
JACOB L. SCHNEIDER, an individual,
CRAIG A. WRIGHT, an individual,
JOHN DOES 1 THROUGH 3,
KORF CHEVROLET BUICK GMC, INC., a Colorado corporation,
KORF CONTINENTAL STERLING, INC., a Colorado corporation, and,
XYZ CORPORATION,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Correct Party Status of Denise Petko** [#52] ("Motion to Correct") and Plaintiffs' **Unopposed Motion for Extension of Time to File Their Answer or Other Response to Counterclaims** [#61][1] ("Motion to Extend"). Both of these motions relate to Defendants' Answer [#50] to Plaintiff's original Complaint [#1]. Plaintiffs request an extension of time to answer the counterclaims asserted in Defendants' Answer. *See Motion to Extend* [#61]. Defendants' request that the Court accept a substitute Answer that corrects the party status of Denise Petko, who is named as a Third-Party Defendant in Defendants' original Answer [#50]. No Third-Party Complaint has been filed, and Defendants claim that Denise Petko (who is not a party to this action) should be denominated a "Counterclaims [sic] Defendant" instead of a Third-Party Defendant. *Motion to Correct* [#52].

---

[1] Plaintiffs oppose this motion, but have not yet filed a Response. *See* D.C.COLO.LCivR 7.1(d). However, the Local Rules explicitly state that a motion may be ruled upon "any time after it is filed." *Id.* In the interest of expedience, the Court does so here.

  Defendants are correct that Ms. Petko is not properly named as a Third-Party Defendant, as no Third-Party Complaint has been filed pursuant to Rule 14(a). *See* Fed. R. Civ. P 14(a)(1). However, Defendants cite to no Rule or other legal basis for naming Ms. Petko as a "Counterclaims Defendant" when she is not a party to this action. Nonetheless, on April 22, 2016, the Court granted Plaintiffs' Motion for Reconsideration [#47] and directed that the Clerk of Court accept Plaintiffs' Amended Complaint for filing. *See Order* [#59]; *see also Am. Compl.* [#60]. The Court also ordered Defendants to file an Answer to the Amended Complaint no later than May 12, 2016. *Id.* at 9. Therefore, because Defendants must necessarily file a new Answer to the Amended Complaint,

  IT IS HEREBY **ORDERED** that Defendants' Answer [#50] is **STRICKEN** without prejudice. Accordingly,

  IT IS FURTHER **ORDERED** that the Motion to Correct [#52] and Motion to Extend [#61] are **DENIED as moot.**

  IT IS FURTHER **ORDERED** that the Clerk of Court is directed to correct the caption of this case as indicated on the caption of this Order.

  Finally, Defendants would be well-advised to consider whether the bringing of claims against a non-party, such as Ms. Petko, requires joinder of her as a party to the litigation pursuant to Fed. R. Civ. P. 13(h) and 19(a).

  Dated: May 2, 2016